UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY RUSSELL WILSON, II, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1196 CAS |
| | ) | |
| PHELPS COUNTY JAIL ADMINISTRATION, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of *pro se* plaintiff Anthony Russell Wilson, II for leave to commence this action without prepayment of the required filing fee. Plaintiff was a pretrial detainee when he filed his complaint on May 6, 2019. However, plaintiff filed a change of address notice with the Court on July 30, 2019, indicating he has been released from prison. Because plaintiff was released from confinement shortly after filing the instant action, the Court will grant his request to proceed *in forma pauperis* and will not assess an initial partial filing fee at this time. Furthermore, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint on a court-provided form.

**Payment of Filing Fee**

Under 28 U.S.C. § 1915(b)(1) of the Prison Litigation Reform Act ("PLRA"), when a prisoner brings a civil action *in forma pauperis*, the prisoner must pay the full amount of the filing fee. This is usually done in the form of an initial partial payment and then installment payments over time. However, a non-prisoner plaintiff can litigate without payment of any fees if he qualifies under the general *in forma pauperis* provision of 28 U.S.C. § 1915(a)(1).

"Federal circuit authority is split on the question of whether the PLRA prison litigation provisions of § 1915 continue to govern if and after the prisoner is released *pendente lite* (that is,

during the litigation). The Fifth, Seventh and District of Columbia Circuits have held that the full payment requirement is triggered upon the filing of the (as applicable) complaint or notice of appeal. . . . The Second, Fourth, Sixth and Tenth Circuits have concluded to the contrary, that the requirements of the PLRA do not continue to apply after the plaintiff is released." *Putzer v. Attal*, No. 2:13-cv-00165-APG-CWH, 2013 WL 4519351, at *1 (D. Nev. Aug. 23, 2013) (internal citations omitted).

The Eighth Circuit has not ruled on this issue. However, in this case, plaintiff was released shortly after filing this case and before the Court ruled his motion to proceed *in forma pauperis*. No initial partial payment was assessed while plaintiff was detained. Therefore, the Court will consider plaintiff as he currently stands at the time of the review of his motion – as a non-prisoner plaintiff under 28 U.S.C. § 1915(a)(1). Based on the financial information submitted, the Court finds that plaintiff does not have sufficient funds to pay the filing fee and will grant his motion.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff was a federal pretrial detainee when he brought this action under 42 U.S.C. § 1983. Plaintiff names six defendants associated with the Phelps County Jail, in both their individual and official capacities: (1) Phelps County Jail Administration; (2) Sergeant Unknown Lorts; (3) Sergeant Unknown Dowdi; (4) Correctional Officer Unknown Jones; (5) Correctional Officer Unknown Reed; and (6) Lieutenant Unknown Shultz.

In the Statement of Claim section VI of the complaint, plaintiff summarizes his case as follows: "While in Phelps County Jail in C-Pod I was segregated and suffered atypical and significant hardship. See attached: 3 pages of Statement of Claim and 24 pages of evidence (grievances); 27 pages in total." Doc. 1 at 5. Twenty-four (24) pages of grievance-filing exhibits were attached to the complaint. *See* Doc. 1-1. However, the three-page 'Statement of Claim' was included and docketed with the separately filed Motion for Appointment of Counsel. *See* Doc. 4 at 2-4. Because plaintiff is proceeding *pro se*, the Court will liberally construe the 'Statement of Claim,' attached to the motion for counsel, as part of the complaint.

Plaintiff alleges that on or around May 3, 2018, Sergeant Lorts found plaintiff guilty of a disciplinary violation without "any fair evaluation of the facts," based on accusations of Correctional Officer Jones. Doc. 4 at 2. After the finding, plaintiff was locked in a suicide cell "with no bedding, no property (other than the clothing [he] was wearing), no hygiene, no toilet, no sink, no shower, no food and 24 hour lighting." *Id.* Sergeant Dowdi, Sergeant Lorts, and Correctional Officer Reed were present when plaintiff was declared guilty by Lorts and locked in the cell. Three days later, Lorts removed plaintiff from the cell to be questioned by Jones. Plaintiff made Jones aware of the conditions of his confinement. Plaintiff was put back in the suicide cell for two more days. On the fifth day, plaintiff was taken from the cell to shower and moved to a regular cell. Plaintiff alleges that Lieutenant Shultz, the supervisor of the other individual defendants, was "made aware" of the way plaintiff was treated and he "condones the shocking actions and policies of [the] facility." *Id.* at 3.

Plaintiff also asserts that while confined at Phelps County Jail, he was "treated differently than the other inmates and taunted and threatened by Sergeant Dowdi [and] Sergeant Lorts." *Id.* For example, plaintiff claims he was denied personal mail; his legal mail was opened outside his presence; his visitors were only allowed to stay 10 minutes; on one occasion his attorney was not allowed to see him; he was refused recreation, medical and psychiatric treatment; he was denied access to the law library; and commissary items were taken from him without explanation. Plaintiff believes his five-day suicide cell placement was in retaliation for the many grievances he had previously filed about the conditions at Phelps County Jail. In summary, plaintiff describes his legal claims as: "cruel and unusual punishment, deliberate indifference, and denied civil liberties and due process at Phelps County Jail." *Id.*

As to defendant Phelps County Jail Administration, plaintiff also alleges he was deprived of his liberty and due process when the Jail "violated their federal contract according to title 18

U.S.C.A. § 4013, title 18 U.S.C.A. § 4806, and also title 28 C.F.R. § 40 standards for Inmate Grievance Procedure, Subpart A and Subpart B; where they have not exercised any firm effort to fully comply with the standards." Doc. 4 at 4.

Plaintiff seeks injunctive relief or a protective order,[1] and money damages. He would also like the individual defendants to be fired, and criminal charges brought against them.

**Discussion**

Having carefully reviewed and liberally construed plaintiff's allegations, the Court finds that many of plaintiff's allegations fail to state a claim. For example, plaintiff's official capacity claims against all defendants are subject to dismissal because he has not alleged that Phelps County has an unconstitutional policy or custom, or that it was deliberately indifferent in failing to train its employees.

**A. Official Capacity Claims**

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). In

---

[1] Plaintiff's request for injunctive relief or protective order is moot because he has been released from confinement at Phelps County Jail. *See Walker v. Bowersox*, 526 F.3d 1186, 1189 (8th Cir. 2008) (prisoner's request for injunctive relief in a § 1983 action was mooted by transfer to another facility); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (finding an inmate's claims for injunctive relief moot when he is transferred to another facility and is no longer subject to alleged unlawful conditions).

order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Id.* at 1075.

Individual defendants Lorts, Dowdi, Jones, Reed, and Shultz are employed by the Phelps County Jail. As such, plaintiff's official capacity claims against them are actually claims against their employer, Phelps County. A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff has not alleged that Phelps County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom in plaintiff's allegations. Specifically, there are no allegations regarding a pattern of similar constitutional violations by other Phelps County employees. In fact, plaintiff seems to assert the opposite when he alleges that he is treated differently than other prisoners. Therefore, plaintiff's official capacity claims must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Defendant Phelps County Jail Administration

Similarly, plaintiff's claims against Phelps County Jail Administration fail to state a claim for relief. Plaintiff alleges that Phelps County Jail has violated federal requirements for the provision of sufficient minimum grievance procedures in facilities holding federal prisoners. *See*

28 C.F.R. § 40. Plaintiff does not explain how the Jail has violated guidelines except to say that it has not fully complied with the standards. Plaintiff's conclusory statements of a legal violation are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678.

Also, a suit against Phelps County Jail as a defendant must fail because "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Defendant Phelps County Jail Administration will be dismissed.

### C. Individual Capacity Claims

As to plaintiff's individual capacity claims against the individual defendants, when evaluating the constitutionality of pretrial-detainee conditions, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Id.* "[T]he Government concededly may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37. *See also Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Although some loss of freedom of choice and privacy are inherent aspects of confinement, "if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment." *Bell*, 441 U.S. at 539.

In addition, plaintiff also has the Constitutional protection of the Eighth Amendment, which prohibits cruel and unusual punishment and imposes limits on conditions of confinement. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)).

Here, however, plaintiff's "Statement of Claim" section does not clearly state which specific factual allegations are made against each individual defendant. As a result, the Court cannot determine whether plaintiff's allegations are sufficient to state a claim as to each of the individually named defendants. Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint to attempt to cure these pleading deficiencies.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Any parties or claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate he intends to sue each defendant in their individual capacity.[2]

In the "Statement of Claim" section, in separate, numbered paragraphs plaintiff should set forth the specific factual allegations supporting his claim or claims against each defendant, as well as the constitutional right or rights that defendant violated. Alternatively, plaintiff may choose a

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations specific to that particular defendant and the right(s) that defendant violated. The allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

If plaintiff fails to file an amended complaint on the Court's form within thirty days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

## Appointment of Counsel

Finally, plaintiff has filed a motion for appointment of counsel. Doc. 4. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff and the Court will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex.

Finally, at this stage in the case, it is not known whether there will be conflicting testimony. The Court will entertain future motions for appointment of counsel as the case progresses. For now, however, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall to mail to plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, no later than **September 20, 2019**, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] is **DENIED without prejudice**.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of August, 2019.